# No. 15-50719

---

## In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DAVID LEE ANDERSON,
also known as David Anderson, also known as David Zoba,
also known as David L. Anderson

*Defendant-Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

BRIEF OF DEFENDANT-APPELLANT

Gregory L. Ahlgren, Esq.
1209 San Dario Ave., No. 7-395
Laredo, Texas 78040
Tel.: (888) 519-0994, ext. 2
Fax: (210) 579-8041
Texas State Bar #00793031
*Attorney for Defendant-Appellant*

## CERTIFICATE OF INTERESTED PERSONS

United States v. David Lee Anderson
No. 15-50719

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

1.   The Honorable Orlando García, Chief United States District Judge.

2.   David Lee Anderson, Defendant-Appellant.

3.   Counsel for Plaintiff-Appellee (Office of the US Attorney for the Western District of Texas):   AUSA Sarah Wannarka, and AUSA Joseph Gay,

4.   Counsel for Defendant-Appellant: Gregory Ahlgren (on appeal), AFPD Kurt May, Edward Camara, and Karl Basile.

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

 s/ Gregory Ahlgren_____
Gregory Ahlgren
*Attorney for Defendant-Appellant*

i

ii

## REQUEST FOR ORAL ARGUMENT

David Lee Anderson requests oral argument, if the same is deemed necessary by this Honorable Court.  Oral argument may aid in applying the law to the facts of this case if deemed necessary by this Honorable Court.

iii
# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ............................................... i

STATEMENT REGARDING ORAL ARGUMENT ................................... ii

TABLE OF AUTHORITIES ........................................................................ iv

JURISDICTIONAL STATEMENT ................................................................1

ISSUE PRESENTED FOR REVIEW ...........................................................2

STATEMENT OF THE CASE ......................................................................3

SUMMARY OF THE ARGUMENT .............................................................8

ARGUMENT AND AUTHORITIES

     ANDERSON'S SENTENCE WAS GREATER THAN NECESSARY
     TO EFFECTUATE THE GOALS OF, *INTER ALIA*, 18 U.S.C.
     § 3553(a). ............................................................................................9

CONCLUSION ........................................................................................... 23

CERTIFICATE OF SERVICE .................................................................... 24

CERTIFICATE OF COMPLIANCE............................................................ 25

iv
## TABLE OF AUTHORITIES

Page

Cases

*Bartlett v. Cate,*
  2010 WL 5059656 (E.D. Cal. 2010) .......................................................... 19

*Black v. Kirkland,*
  2009 WL 1971596 (C.D. Cal. 2009) .......................................................... 19

*Camp v. Richardson,*
  2014 WL 95874 (D. Kan. 2014) ................................................................. 19

*Gall v. United States,*
  552 U.S. 38 (2007) ................................................................................. 9, 15

*Kimbrough v. United States,*
  552 U.S. 85 (2007) ..................................................................................... 15

*Lindell v. Huibregtse,*
  205 Fed. Appx. 446 (7th Cir. 2006) ........................................................... 19

*Rita v. United States,*
  551 U.S. 338 (2007) ......................................................................... 9, 10, 15

*Simmang v. State,*
  2013 WL 5272919 (Tex. App. – Austin 2013) .......................................... 19

*Terry v. Rice,*
  2003 WL 1921818 (S.D. Ind. 2003) ........................................................... 13

*United States v. Booker,*
  543 U.S. 220 (2005) ...................................................................................... 9

*United States v. Chivers,*
  No. SA-14-CR-123(2)-OLG (W.D. Tex.) ................................................... 17

*United States v. Cooks,*

v

589 F.3d 173 (5th Cir. 2009) ...................................................... 11

*United States v. Diaz Sanchez,*
714 F.3d 289 (5th Cir. 2013) ...................................................... 10

*United States v. Elayshi,*
554 F.3d 480 (5th Cir. 2008) ...................................................... 13

*United States v. Furbush,*
No. SA-14-CR-123(4)-OLG (W.D. Tex.) ............................................ 17, 18

*United States v. Grimes,*
739 F.3d 125 (3rd Cir. 2014) ...................................................... 11

*United States v. Johnson,*
992 F. Supp. 437 (D. D.C. 1997) .................................................. 14

*United States v. Long,*
722 F.3d 257 (5th Cir. 2013) ...................................................... 13

*United States v. Lopez,*
582 Fed. Appx. 438 (5th Cir. 2014) ............................................... 10

*United States v. Magleby,*
241 F.3d 1306 (10th Cir. 2001) ................................................... 20

*United States v. Perez,*
46 F. Supp. 2d 59 (D. Mass. 1999) ................................................ 14

*United States v. Perkins,*
No. SA-14-CR-123(3)-OLG (W.D. Tex.) .............................................. 17

*United States v. Raynor,*
989 F. Supp. 43 (D. D.C. 1997) ................................................... 14

*United States v. Robinson,*
620 Fed. Appx. 234 (5th Cir. 2015) ............................................... 18

vi

*United States v. Story,*
  439 Fed. 3d 226 (5th Cir. 2006) .................................................................. 11

## Statutes

18 U.S.C. § 2 .................................................................................4

18 U.S.C. § 922 .............................................................................4

18 U.S.C. § 3231 ...........................................................................1

18 U.S.C. § 3553 .............................................iii, 2, 8, 9, 15, 16, 17

18 U.S.C. § 3742 ...........................................................................1

21 U.S.C. § 841 ..................................................................... 3, 4, 5

21 U.S.C. § 846 ..................................................................... 3, 4, 5

28 U.S.C. § 1291 ...........................................................................1

Sentencing Reform Act of 1984 ....................................................1

## Rules

5th Cir. R. 28.2.1 ........................................................................... i

5th Cir. R. 31.1 ........................................................................... 25

Federal Rule of Appellate Procedure 4 ...........................................1

vii

Federal Rule of Appellate Procedure 32....................................................... 25

Federal Rule of Criminal Procedure 11 ........................................................ 12

Texas Disciplinary Rule of Professional Conduct 3.01............................... 22

Texas Disciplinary Rule of Professional Conduct 3.03............................... 22

## United States Sentencing Guidelines

U.S.S.G. §2D1.1 ......................................................................................... 6, 16

U.S.S.G. §3B1.1............................................................................................... 6

U.S.S.G. §3E1.1............................................................................................... 7

U.S.S.G. §5H1.3 ............................................................................................ 21

U.S.S.G. Ch. 5, Pt. A ................................................................................. 7, 9

viii

## Secondary Material

American Public Health Assn, Policy #201310 / Solitary Confinement as a
Public Health Issue (Nov. 5, 2013)
................................................................................................... 12


Metzner, M.D., *et al*, *Solitary Confinemnt and Mental Illness in U.S.
Prisons: A Challenge for Medical Ethics*, 38 J. Am. Acad. Psychiatry Law
104 (Nov. 1, 2010)
................................................................................................... 12-13


Nat'l Assn. of Criminal Defense Lawyers, Formal Opinion 12-02 (Oct.
2012)
................................................................................................... 11

Steinbuch, *Beyond the Final Frontier: A "Post-Racial" America: The
Responsibilities of Citizens: Racist*, Harvard Journal on Racial and Ethnic
Justice (Spring 2009)
................................................................................................... 21


United States Sentencing Commission, Statistical Information Packet (Fiscal
Year 2014)
................................................................................................... 18

1

## SUBJECT MATTER AND APPELLATE JURISDICTION

This case arose from the prosecution of an offense against the laws of the United States.  *See* ROA.26.  As such, the district court had jurisdiction of this case under 18 U.S.C. § 3231.

This is a direct appeal from a final decision of the U.S. District Court for the Western District of Texas, entering judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984.   ROA.126. Accordingly, this Court has jurisdiction of the appeal under 28 U.S.C. § 1291.

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant who wishes to appeal a district court judgment must file notice of appeal in the district court within 14 days after the entry either of the judgment or order appealed from, or a notice of appeal by the Government.  In this case, the judgment was filed on July 23, 2015 (ROA.126), and ANDERSON´s notice of appeal was also filed on July 30, 2015 (ROA.136).    *See* 18 U.S.C. §3742.

2

ISSUE PRESENTED FOR REVIEW

Whether ANDERSON's 293-month imprisonment sentence was unreasonable because it was greater than necessary to meet the sentencing goals set out in, *inter alia*, 18 U.S.C. § 3553(a).

3

## STATEMENT OF THE CASE[1]

David Lee ANDERSON pleaded guilty to conspiracy to possess with intent to distribute a controlled substance (mixture or substance containing 500 grams or more of methamphetamine), in violation of 21 U.S.C. §§ 841, 846.  *See* ROA.221.  By way of background, it should be noted that, prior to the instant case, ANDERSON did have a significant criminal history in Texas. *See* ROA.228, *et seq*.    The record indicates that he has admitted to having been a member of the Peckerwood prison gang.[2]  ROA.236.

It must also be noted that Appellant has been beset by serious mental health issues since childhood.  ROA.237, 292.  In fact, his first stay in a psychiatric hospital occurred at 8 years of age.  ROA.237.  As a result of his interactions with the mental health system, he has been diagnosed with depression (and manic depression), bi-polar disorder, and post traumatic stress syndrome; the foregoing are in addition to and intertwined with the suicidal ideations from which he has suffered.  ROA.237.

---

[1]The record on appeal is cited as "ROA. [page]."

[2]Nevertheless, the record indicates that Appellant does not consider himself a member of any street gang.  ROA.236.

4

Prior to the instant case, ANDERSON was living in San Antonio, Texas. *See* ROA.221.   Law enforcement surveillance, aided by a confidential informant, indicated that he was working in the narcotics trade with co-defendants Dale Chivers, Ashlea Perkins, and Kristian Furbush.  ROA.221. Appellant and Ms. Perkins appear to have been in a common-law relationship during their narcotics-related activities.  ROA.225.  Nevertheless, Appellant was considered by investigators to be the leader of this small band of traffickers.   ROA.225.

On the evening of January 27, 2014, San Antonio Police officers arrested Appellant and his cohorts.  *See* ROA.13, 217.  A criminal complaint was filed in federal court on the following day, and the Federal Public Defender was appointed to represent Appellant.  ROA.11, 17.  Thus began Appellant´s arduous experience with pretrial incarceration.  *See* ROA,18, 24, 217, 237.

On February 19, 2014, ANDERSON (along with co-defendants Chivers, Perkins, and Furbush) was named in a multi-count federal indictment, charging him with violations of 18 U.S.C. §§ 2, 922, and 21 U.S.C. §§ 841, 846.  ROA.26.  Subsequently, on February 27, 2014, attorney Karl Basile was appointed to defend Appellant.  ROA.53.  The following month – on March

5

28, 2014 – ANDERSON was placed into solitary confinement (where he would remain until shortly after signing his plea agreement). ROA.203, 237.

During the period in which he was in solitary confinement, the prosecutions against Appellant´s co-defendants continued to advance, with co-defendant Perkins being sentenced on July 10, 2014 to 33 months in custody. ROA.217. On September 26, 2014, attorney Edward Camara was appointed to defend Appellant. ROA.101. Then, on November 6, 2014, co-defendant Chivers was sentenced to 60 months in custody. ROA.217.

After spending more than a year in solitary confinement, Appellant and attorney Camara finally signed off on a plea agreement on April 7, 2015. ROA.203, 237. Per the agreement, ANDERSON would plead guilty to Count One of the indictment, which charged him with conspiracy to possess with intent to distribute a mixture or substance containing 500 grams or more of a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841, 846. ROA.203. The plea agreement also contained an appeal waiver, with exceptions thereto for claims of ineffective assistance of counsel and/or prosecutorial misconduct of constitutional dimension. ROA.211. Within three days of signing the plea agreement, Appellant was finally released from solitary confinement. ROA.237.

6

Re-arraignment occurred on April 15, 2015. *See* ROA.163. At that time, Appellant entered his guilty plea in accordance with the plea agreement. *See* ROA.174. Although Appellant indicated that he had not been coerced into pleading guilty, he was not specifically admonished concerning the risk of perjury.[3] *See* ROA.166, 187. Having entered a guilty plea, the attention in this case turned to the pre-sentence investigation. *See* ROA.121. Meanwhile, the case against the remaining un-sentenced co-defendant of Appellant continued to move forward; on May 7, 2015, co-defendant Furbush was sentenced to three years of probation.

It should be noted that, under the PSR, Appellant was held accountable for the equivalent of 33,385 kilograms of marijuana. ROA.226. Under the Sentencing Guidelines, the base offense level was determined to be 36. ROA.226; U.S.S.G. § 2D1.1. The was a two-point dangerous weapon enhancement. ROA.226; U.S.S.G. § 2D1.1. Also, there was a two-point aggravating role adjustment for leadership. ROA.226; U.S.S.G. § 3B1.1. There was, additionally, a three-point reduction for acceptance of

---

[3] The record makes objectively clear that the re-arraignment proceedings were hastily undertaken, as the magistrate judge´s report even lists the date of re-arraignment as having been subsequent to her report thereon. ROA.119.

7

responsibility.   ROA.227; U.S.S.G. § 3E1.1.   The total offense level was, therefore, calculated at level 37.  ROA.227.

Furthermore, it should be noted that Appellant´s criminal history score of 18 established a Criminal History Category of VI.  ROA.231; U.S.S.G. Ch.5, Pt.A.   Beyond the calculations, the PSR indicated, *inter alia*, that Appellant had admitted membership in the Peckerwood prison gang.  ROA.236.  If fact, the PSR indicates that Appellant has a "Peckerwood" tattoo.  ROA.236.

Sentencing before Judge Orlando García occurred on July 23, 2015.  ROA.196.   At that time, the following, *inter alia*, occurred:

- Attorney Camara requested a sentence of around 235 months.  ROA.198.

- The trial court, at the urging of the Government, looked to the Guidelines range of imprisonment to be 235 to 293 months (based on a total offense level of 33, with a CHC of VI).   ROA.199; *see also* ROA.199, 299.

- The court then sentenced ANDERSON to 293 months' imprisonment – at the absolute upper end of the Guidelines range.  ROA.201; *see also* ROA.199, 299.

Thereupon, the hearing was adjourned.  ROA.201.

8

The criminal judgment was signed and filed on July 23, 2015.  ROA.126. The notice of appeal was filed a week later, on July 30, 2015.  ROA.136.   The undersigned was subsequently appointed to this case.  ROA.144.

ANDERSON now argues on appeal that his sentence is unreasonable because it was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a).

## SUMMARY OF THE ARGUMENT

ANDERSON'S SENTENCE WAS GREATER THAN NECESSARY TO EFFECTUATE THE GOALS OF, *INTER ALIA*, 18 U.S.C. § 3553(a)

The 293-month term of incarceration is, *inter alia*, greater than necessary to provide adequate deterrence or to protect the public, and manifests unwarranted sentencing disparity.  Consequently, the 293-month sentence should be vacated and the case remanded for resentencing.

9

## ARGUMENT AND AUTHORITIES

ANDERSON'S SENTENCE WAS GREATER THAN NECESSARY TO EFFECTUATE THE GOALS OF, *INTER ALIA*, 18 U.S.C. § 3553(a)

A district court is to impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing that Congress set forth in 18 U.S.C. § 3553(a). In so doing, the court must consider the advisory sentence range called for by the U.S. Sentencing Guidelines, as well as the other factors listed in the statute. *See United States v. Booker,* 543 U.S. 220, 258–60 (2005); *Rita v. United States*, 551 U.S. 338, 356 (2007). In this case, the district court's sentence was excessive. Among other things, the within-Guidelines sentence was greater than necessary to deter ANDERSON from future offenses or to protect the public, and it manifests unwarranted sentencing disparity. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). As such, the sentence should be vacated.

### A. Standard of Review.

The appellate court is to "consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

10

The court reviews sentences for abuse of discretion in a bifurcated inquiry. *See United States v. Diaz Sanchez*, 714 F.3d 289, 293 (5th Cir. 2013). The court first assesses whether the district court committed any significant procedural error, like failing to adequately explain the chosen sentence. *Id.* If the court finds no procedural error, then the next consideration is that of the sentence´s substantive reasonableness. *Id.*

Thus, this Court will first review the sentence to ensure that it is procedurally sound and will then consider the substantive reasonableness of the sentence under an abuse of discretion standard. *See, e.g, United States v. Lopez*, 582 Fed. Appx. 438, 450 (5th Cir. 2014).

A within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (200). The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of

11

judgment in balancing sentencing factors.  *United States v. Cooks*, 589 F.3d

173, 186 (5th Cir. 2009).

**B. The Sentence Imposed Was Greater Than Necessary to Meet the**

**Goals of Sentencing in 18 U.S.C. § 3553(a).**

*This Appeal is Viable, Notwithstanding the Appeal Waiver*

Appellant readily acknowledges that we must first address the initial issue

of the appeal waiver.  ROA.211-212.  The National Association of Criminal

Defense Lawyers has questioned the ethical propriety of such waivers. *See*

National Association of Criminal Defense Lawyers, Formal Opinion 12-02

(Oct.2012).  These concerns have been acknowledged by the Third Circuit.

*United States v. Grimes*, 739 F. 3d 125 (3rd Cir. 2014).  Nonetheless, it should

be noted that the court of appeals has jurisdiction to entertain the appeal,

notwithstanding the appeal-waiver.  *United States v. Story*, 439 F.3d 226, 230-

231 (5th Cir. 2006).

12

In the case at bar, given the fact that this defendant with serious psychiatric issues was placed in solitary confinement for more than a year before he signed his plea agreement, it is clear from the facts that this case fits neatly within the parameters of a classic challenge the voluntariness of the guilty plea and/or waiver. *See* Fed. R. Crim. P. 11; ROA.237. Additionally, for the reasons indicated herein, the extraction of a guilty plea from a defendant with psychiatric issues after more than a year of solitary confinement may also rise to the level of prosecutorial misconduct. *See* ROA.211. Thus, the facts of this case would suggest that the appeal waiver is ineffectual.

In this vein, the undersigned would note that the American Public Health Association recognizes that prisoners in long-term solitary confinement are subject to significant mental suffering and deterioration. American Public Health Association, Policy #201310 / Solitary Confinement as a Public Health Issue (Nov. 5, 2013). Furthermore, authoritative commentators indicate that the adverse effects of solitary confinement are especially significant for persons with issues such as bipolar disorder and major depression. *See, e.g.,* Jeffrey L. Metzner, M.D., and Jamie Fellner, Esq., *Solitary Confinement and Mental Illness in U.S. Prisons: A Challenge for Medical Ethics*, 38 J. Am.

13

<u>Acad. Psychiatry Law 104</u> (Nov. 1, 2010).  Indeed, isolating a prisoner with suicidal ideations has, in other contexts, been reasonably analogized to and described as "the mental equivalent of putting an asthmatic in a place with little air to breathe."  *See generally Terry v. Rice*, 2003 WL 1921818, *16 (S.D. Ind. April 18, 2003).

Thus, it should be abundantly clear that, after a year of solitary confinement, Appellant´s mental and emotional faculties were seriously degraded.  Of course, the law requires that appeal waivers be made intelligently and voluntarily.  *E.g., Story*, 439 F. 3d at 231.    Nonetheless, in the present case, the appeal waiver was not intelligently and voluntarily made.

In view of the foregoing, and notwithstanding his verbal declarations in court, it appears to the undersigned that Appellant did not appreciate the significance of the appeal waiver.   With a view to fairness, a plea agreement is construed strictly against the government as the drafter.  *United States v. Elashyi*, 554 F. 3d 480, 501 (5th Cir. 2008).  Indeed, contract law principles apply in interpreting the terms of a plea agreement.  *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013).

14

In the case at bar, given the extreme mental stress provoked by solitary confinement for this defendant with serious psychiatric issues, there was arguably no meaningful meeting of the minds on the point of the appeal waiver, despite the oral and written declarations. *See* ROA.211. As indicated by the thorough and respectable analyses of federal jurists in other jurisdictions, the overwhelming imbalance of power in this context suggests that Appellant´s appeal waiver should not be given effect. *See generally United States v. Johnson*, 992 F. Supp. 437, 439-440 (D. D.C. 1997); *United States v. Raynor*, 989 F. Supp. 43, 49 (D. D.C. 1997). The appeal and collateral challenge waiver arguably should have been stricken. *See, e.g., United States v. Perez*, 46 F. Supp. 2d 59, 72 (D. Mass. 1999).


Thus, given the liberty interests at stake, this Court should proceed to consider Appellant´s arguments with regards to the unreasonableness of the sentence imposed.

15

### *The Sentence Imposed Was Unreasonable on Various Fronts*

The district court must consider all the sentencing factors of 18 U.S.C. § 3553(a). In *Gall*, the Supreme Court held that the guidelines are only one of these factors, and the sentencing court may not presume they set the appropriate sentence for any particular defendant. *Gall*, 552 U.S. 38. Instead, in each case, the court must make an "individualized assessment," *id.* at 50, and impose a sentence that is sufficient but not greater than necessary to achieve Congress's sentencing goals. 18 U.S.C. § 3553(a); *see also Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (command that sentence not be greater than necessary is "overarching" call of sentencing statute).

In the "mine run of cases," the sentencing guidelines reflect a proper application of § 3553(a). *Rita,* 551 U.S. at 350–51. The district court may reject the advisory range, however, if the case "falls outside the heartland to which the Commission intends individual Guidelines to apply," if "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations," or if "the case warrants a different sentence regardless." *Id.* at 353. The district court is also free to disagree with policies reflected by the guidelines. *Kimbrough*, 552 U.S. at 101.

16

If the court imposes an unreasonable sentence, it abuses its discretion.

In ANDERSON's case, in view of the fact that he has no relevant gang

(Peckerwood) ties in the underlying scheme (ROA.236), that his sentence was

egregiously disparate in length (when compared to co-defendants)

(ROA.217), and that he has suffered from serious psychiatric issues since

childhood (ROA.237), the district court abused its discretion by sentencing

within the range suggested by U.S.S.G. §2D1.1. ROA.126, 299. The sentence

of 293 months' imprisonment was greater than necessary to provide just

punishment for the offense. Thus, even considering Appellant´s significant

criminal history, the 293-month sentence was greater than necessary to

provide adequate deterrence for ANDERSON or to protect the public from

him. *See* 18 U.S.C. § 3553(a)(2).


The sentence imposed, of course, is viewed against the suggested

guidelines range. 18 U.S.C. § 3553. So, while Appellant´s sentence may at

first blush seem reasonable when compared to the guidelines range, that is

also, arguably, a subjective determination. On the basis of the considerations

discussed herein, ANDERSON's sentence is procedurally and/or

substantively unreasonable, and should therefore be vacated for resentencing.

*See* ROA.126.

17

Without a doubt, the sentence imposed as to ANDERSON was quite disparate and harsh. ROA.126; see 18 U.S.C. § 3553(a)(6). The undersigned would note that ANDERSON received a sentence much harsher than any received by his co-defendants. ROA.126, 217. Perhaps, in the cases of co-defendants Chivers and Perkins, such disparity could be rationalized by the fact that Chivers and Perkins pled guilty to different counts of the indictment, and that ANDERSON was the purported group leader. *See United States v. Chivers*, No. SA-14-CR-123(2)-OLG (W.D. Tex.), Document #132; *United States v. Perkins*, No. SA-14-CR-123(3)-OLG (W.D. Tex.), Document #91. That rationale, however, would largely disintegrate when comparison is made to the treatment given to co-defendant Furbush. *See United States v. Furbush*, No. SA-14-CR-123(4)-OLG, Document #155.

Furbush pled guilty to the exact same count to which ANDERSON pled guilty. ROA.126; *See United States v. Furbush*, No. SA-14-CR-123(4)-OLG, Document #155. Yet, Furbush received three years of probation and ANDERSON received 293 months of incarceration. ROA.126; *See United States v. Furbush*, No. SA-14-CR-123(4)-OLG, Document #155. Given this situation, there seems to be little room for doubt that Appellant´s sentence stands in contravention of the dictates of 18 U.S.C. § 3553(a)(6), even when consideration is given to the leadership role adjustment. ROA.126.

18

The undersigned is aware that, in this circuit, the unwarranted disparity factor is not entitled to significant weight when the sentence imposed falls within the Guidelines range. *See United States v. Robinson*, 620 Fed. Appx. 234, 235 (5th Cir. 2015). In the case at bar, however, Appellant´s sentence is at the absolute top of the Guidelines range. ROA.126, 299. Further, this Court appears interested in comparing a challenged sentence to the nationwide statistics. *Robinson*, 620 Fed. Appx. 235.

The nationwide statistics only serve to buttress ANDERSON´s claim of unwarranted sentencing disparity. The sentence given to ANDERSON far exceeded the mean and medium sentences for drug trafficking offenses -- both nationwide and in the Fifth Circuit. United States Sentencing Commission, Statistical Information Packet (Fiscal Year 2014). Hence, it reasonably seems that something else was subtly driving the court´s sentencing decision in this case, particularly in light of the court´s failure to accord ANDERSON treatment even remotely similar to that accorded to co-defendant Furbush. ROA.126; *See United States v. Furbush*, No. SA-14-CR-123(4)-OLG, Document #155.

19

In reviewing the totality of the record and the determination of the sentence imposed, it appears that the trial court was arguably unduly (and perhaps unfairly) swayed in its sentencing decision by the indications in the PSR that Appellant has been involved with the Peckerwood prison gang. ROA.236.  It should be noted that the reference to the Peckerwood group was a particularly scurrilous claim in the PSR, given the federal judiciary´s longstanding familiarity with that white supremacist splinter group. [4]  *See, e.g., Lindell v. Huibregtse,* 205 Fed. Appx. 446, 449 (7th Cir. 2006); *Camp v. Richardson*, 2014 WL 95874, *1 (D. Kan. March 11, 2014); *Black v. Kirkland*, 2009 WL 1971596, *2 (C.D. Cal. July 8, 2009); *Bartlett v. Cate*, 2010 WL 5059656, *2 (E.D. Cal. Dec. 3, 2010).   Thus, the reference to the Peckerwoods in the PSR was clearly intended to malign ANDERSON´s reputation, strike fear and disproportionately and negatively affect Appellant at sentencing, despite the fact that the underlying case (a narcotics trafficking conspiracy) was not racially motivated in any fashion.

---

[4]The Peckerwoods are also a familiar entity for the Texas state judiciary. *See, e.g., Simmang v. State*, 2013 WL 5272919, *5 (Tex. App. – Austin 2013).

20

Of course, Appellant would readily admit that, under some circumstances – specifically, racially-motivated and/or hate crimes -- the question of white supremacist ties have been found relevant.  *See generally United States v. Magleby*, 241 F.3d 1306 (10th Cir. 2001) (regarding testimony concerning the KKK in a case stemming from the burning of a cross on the property of an interracial family).  However, there is no such relevance in the case at bar; in ANDERSON´s case, the narrowness of Appellant´s involvement in the underlying conspiracy left the Peckerwood evidence, if any, totally without relevance to the sentencing proceeding. The only perceptible purpose of such discussion of the Peckerwoods in the PSR could have been to label Appellant as a racist, which is peculiarly harmful.

21

The undersigned is aware that the record does not indicate that the trial court engaged in open discussion of the Peckerwoods. ROA.196. Yet, the very mention of such white supremacist ties is toxic and could not have gone unnoticed by the trial court. Indeed, it should be borne in mind that the label of "racist" disparages its recipient (in this case, ANDERSON) precisely because it properly conveys the evil of hatred toward mankind. *See, e.g.*, Robert Steinbuch, *Beyond the Final Frontier: A "Post-Racial" America: The Responsibilities of Citizens: Racist*, Harvard Journal on Racial and Ethnic Justice (Spring 2009).

Without a doubt, the underlying record does not suggest any compelling need to bring Appellant´s allegedly racist background or associations into the case, as the factual pattern supporting the guilty plea was rather uncomplicated, and without racist overtones. Had the case unfolded differently, the trial court logically would have given greater consideration to the policy statement set forth in § 5H1.3 of the Sentencing Guidelines. This conclusion seems inescapable as Appellant has, without a doubt, suffered from serious psychiatric issues since childhood. ROA.292.

22

In the case at bar, then, there is a real convergence of factors which, when taken together for analysis, tends to undermine confidence in the underlying legal proceedings.   The cumulative effect, moreover, suggests an abuse of discretion by the trial court.    Given the unique combination of facts in ANDERSON's case, the sentence was greater than necessary to achieve Congress's sentencing goals, is procedurally and/or substantively unreasonable, and should therefore be vacated for re-sentencing. [5]

---

[5] With due regard for Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct, the undersigned would note that he anticipates that counsel for the Government may argue that this legal position could be considered foreclosed in the case at bar.   Nonetheless, Appellant would seek to preserve this issue for potential review in the future bearing in mind the provisions of the third sentence of Comment 3 to Rule 3.01 of the Texas Disciplinary Rules of Professional Conduct.

23

## CONCLUSION

FOR THESE REASONS, the Court should vacate ANDERSON's sentence and remand his case.

Respectfully submitted.

<u>s/ Gregory Ahlgren</u>
GREGORY AHLGREN
1209 San Dario Ave., No. 7-395
Laredo, Texas 78040
Tel.: (888) 519-0994, ext. 2
Fax: (210) 579-8041

*Attorney for Defendant-Appellant*

24

## CERTIFICATE OF SERVICE

I certify that on the 11ᵗʰ day of January, 2016, I electronically filed the Brief with the Clerk of Court using the CM/ECF system which will send notification of such filing to the U.S. Attorney for the Western District of Texas, via electronic mail.

A copy will also be mailed to:


DAVID LEE ANDERSON (31149-380)
USP ATLANTA
P.O. BOX 150160
ATLANTA, GA  30315



s/ Gregory Ahlgren
GREGORY AHLGREN
*Attorney for Defendant-Appellant*

25
## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains no more than 14,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

3.    This brief and the electronic copy of this brief comply with 5th Cir. R. 31.1 because the brief has been converted into searchable Portable Document File (PDF) format.

s/ Gregory Ahlgren
GREGORY AHLGREN
*Attorney for Defendant-Appellant*